## Isador Ferguson, Defendant in Error, v. Bertha Steiner, Plaintiff in Error.

### Gen. No. 22,310.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed November 30, 1917.

### Statement of the Case.

Forcible detainer by Isador Ferguson, plaintiff, against Bertha Steiner, defendant. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

STEIN, MAYER & STEIN, for plaintiff in error.

BUTZ, VON AMMON & JOHNSTON, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1051*—*necessity of assignment of error as to exclusion or admission of evidence.* In the absence of an assignment of error as to the exclusion or admission of evidence, the Appellate Court will not consider an objection to the judgment based upon the exclusion of evidence.

2. EVIDENCE, § 319*—*when inadmissible to vary written instrument.* Evidence which has the effect of varying the terms of a written instrument and substituting therefor an oral agreement of an entirely different character, *held* properly excluded.

3. LANDLORD AND TENANT, § 470*—*when rule that lessor may estop himself by conduct from taking advantage of provisions in regard to forfeiture is inapplicable.* The rule that a lessor may estop himself by conduct from taking advantage of the provisions

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in regard to a forfeiture cannot be extended to permit the purchaser of a leasehold under a written contract to introduce parol evidence to show that the vendor agreed to substitute an oral agreement of an entirely different character.

4. LANDLORD AND TENANT, § 502*—*when evidence of extensions of time and delays in payment are properly excluded in action of forcible entry and detainer by seller of leasehold.* Where a clause in a contract for the sale of a leasehold provides that extensions of time and delays in payment shall not be construed as a waiver of the right to declare the entire sum due, evidence of extensions of time and delays in payment are properly excluded in an action of forcible detainer by the seller, who has declared the whole purchase price due for delay in paying instalments.

5. LANDLORD AND TENANT, § 470*—*when extensions of time and assurances by seller of leasehold do not create estoppel.* In an action of forcible detainer by the seller of a leasehold who has declared a forfeiture against a purchaser who is in arrears in payments, evidence of extensions of time and assurances by the plaintiff is insufficient to create an estoppel where there is nothing to show that defendant relied on such extensions and assurances and placed himself in a different position from that in which he would have otherwise been.

6. APPEAL AND ERROR, § 1491*—*when judgment not reversed on account of exclusion of proper evidence.* A judgment cannot be reversed on account of the exclusion of proper evidence unless the evidence offered, when considered in connection with the other evidence in the case, would have justified the jury in arriving at a contrary conclusion.

7. LANDLORD AND TENANT, § 470*—*what evidence is necessary to establish equitable estoppel of vendor of leasehold by assurances and agreements for extensions of time.* In an action of forcible detainer by the vendor of a leasehold against the purchaser as to whom he has declared a forfeiture for default in payment of instalments of the purchase price, evidence that plaintiff had not given defendant a reasonable time to make the default is necessary to establish an equitable estoppel claimed to have arisen through the assurances of plaintiff and his agreement to extensions of time and delays in payments.

8. LANDLORD AND TENANT, § 463*—*what constitutes sufficient declaration of forfeiture of contract for sale of leasehold.* In an action of forcible detainer brought by the vendor of a leasehold against the purchaser, against whom he had declared a forfeiture for default in payment of rent, it appeared that plaintiff served notice

to the effect that defendant was in arrears and had been in arrears for more than 30 days and that consequently plaintiff declared the entire sum due and further notified defendant that there was a certain amount (stating it) due him under the contract, as shown by a statement attached, and that he demanded payment of this amount in 3 days; 5 days later, defendant served another notice that he had declared the entire balance due, and that as plaintiff had made default in the payment of that amount, pursuant to the terms of the contract, he declared it to be forfeited. No payment was made of the sum demanded in the first notice. *Held* that the second notice was a sufficient declaration that the contract was forfeited and the entire sum due.